UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| CALVIN WAYNE COPELAND, | § | |
| | § | |
| Petitioner, | § | |
| v. | § | CIVIL ACTION V-07-77 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION & ORDER

Calvin Wayne Copeland ("Petitioner"), an inmate of the Texas Department of Criminal Justice-Correctional Institutions Division ("TDCJ-CID"), has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. No. 1). Respondent has filed a Motion to Dismiss (Dkt. No. 13) to which Petitioner has responded (Dkt. No. 14). After considering the parties' arguments, the record, and the applicable law, the Court is of the opinion that Respondent's motion should be granted and Petitioner's habeas petition be denied.

### Factual Background

Petitioner is incarcerated pursuant to a judgment and sentence of the 377th District Court of Victoria County, Texas, in cause number 00-02-150-D. 4 Victoria County Reporter's Record ("RR") at 1, 62. On November 3, 2000, a jury found Petitioner guilty of the felony offense of burglary of a habitation. *Id.* Shortly thereafter, Petitioner was sentenced to thirty-five years incarceration in the TDCJ-CID. 5 RR at 31-35.

Petitioner timely appealed his conviction. *See Copeland v. State*, No. 13-00-710-CR, 2001 WL 892838 (Tex. App.—Corpus Christi Aug. 2, 2001). In an August 2, 2001 unpublished opinion, the Texas Thirteenth Court of Appeals affirmed Petitioner's conviction and sentence. *Id.* Although Petitioner failed to timely file a petition for discretionary review ("PDR") with the Texas Court of

Criminal Appeals ("CCA"), he did file a state application for writ of habeas corpus claiming that he was denied the opportunity to timely file a PDR because his attorney did not timely notify him that his conviction had been affirmed. *Ex parte Copeland*, No. 74,763, 2003 WL 22250382 (Tex. Crim. App. Oct. 1, 2003). The CCA granted Petitioner's habeas petition to the extent it allowed him to file an out-of-time PDR. *Id.* Accordingly, Petitioner filed a PDR, which the CCA refused on July 28, 2004. *See Copeland v. State*, No. 1948-03 (Tex. Crim. App. April 28, 2004); *see also* Texas Judiciary Website, http://www.13thcoa.courts.state.tx.us (indicating that the CCA struck Petitioner's PDR on April 28, 2004 and ultimately refused the filing on July 28, 2004).

Although Petitioner did not file another state application for writ of habeas corpus, he did attempt to file an application for writ of mandamus in late 2006, over two years after the CCA refused his out-of-time PDR. *Ex parte Copeland*, No. 56,574-02. The CCA denied him leave to do so on August 1, 2007. *Id.*; *see also* The Texas Court of Criminal Appeals Website, http://www.cca.courts.state.tx.us.  Finally, on August 30, 2007, Petitioner filed the present federal habeas petition. Dkt. No. 1 at 9; *Spotsville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (a federal habeas petition is considered filed on the date it is placed in the prison mail system).

## Statute of Limitations

Petitioner filed his federal habeas petition on August 30, 2007. Dkt. No.1 at 9; *Spotsville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998). His petition is thus subject to the amendments to the federal habeas corpus statutes embodied in the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). *See Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (holding that federal habeas petitions filed after the AEDPA's April 24, 1996 effective date are subject to the provisions of that statute, including the statute of limitations) (citing *Lindh v. Murphy*, 521 U.S. 320, 336

(1997)). Under the AEDPA, federal habeas petitions which challenge state court judgments are subject to a one-year limitations period pursuant to 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

It is clear that Petitioner's challenge is barred by the AEDPA's statute of limitations. Petitioner was sentenced in November of 2000. The Texas Thirteenth Court of Appeals affirmed his conviction on August 2, 2001 and his out-of-time PDR was refused on July 28, 2004. Therefore, Petitioner's conviction became final on October 26, 2004, the last day he could have filed a petition for writ of certiorari with the United States Supreme Court. *See* SUP. CT. R. 13.1 (petition for writ of certiorari is timely filed 90 days after entry of judgment). Thus, Petitioner had until October 26, 2005 to file his federal petition and his federal petition was filed almost two years too late unless he can show that the limitations period was somehow tolled.

It is well-settled that Petitioner's mandamus application could not have tolled the limitation period. *See Moore v. Cain*, 298 F.3d 361, 366-67 (5th Cir. 2002) (holding that a state court mandamus application did not toll the AEDPA's one-year limitations period because it did not qualify as "other collateral review" under the AEDPA). Moreover, even if Petitioner's mandamus application could possibly have had a tolling effect, because Petitioner filed the motion for leave to file for mandamus relief in late 2006—well after his federal limitations period had expired—Petitioner's filing did not toll the one-year limitations period. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

Furthermore, and despite Petitioner's lengthy argument to the contrary, equitable tolling is unavailable. As the Fifth Circuit has explained, "equitable tolling of the AEDPA limitations period is available 'in rare and exceptional circumstances' where it is necessary to 'preserve[ ] a plaintiff's claims when strict application of the statute of limitations would be inequitable.' " *Johnson v. Quarterman*, 483 F.3d 278, 286 (5th Cir. 2007) (quoting *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002)). Equitable tolling of the limitations period applies principally where a petitioner is actively misled by the respondent about the cause of action or is prevented in some extraordinary way from asserting his rights. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999); *see also Lawrence v. Florida*, --- U.S. ----, 127 S.Ct. 1079, 1085 (2007) ("To be entitled to equitable tolling, [a petitioner] must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.") (internal quotations omitted). Ignorance of the law or excusable neglect is not a justification for equitable tolling. *Fierro*, 294 F.3d at 682; *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) (proceeding pro se is not a "rare and exceptional" circumstance sufficient to support equitable tolling).

Petitioner principally argues that because of an accident in 1999, and subsequent medical procedures and rehabilitation which took place from early 2004 to early 2006, he was prevented in some extraordinary way from asserting his rights. Although the Court sympathizes with Petitioner's physical plight, Petitioner has failed to establish that his medical condition or rehabilitation actually prevented him from proceeding within the time limits set forth by the AEDPA. This is especially true in light of Petitioner's eight month period of rehabilitation stemming from August of 2004 to April of 2005 during which he could have timely filed a federal habeas petition. In Petitioner's Response to Respondent's Motion to Dismiss (Dkt. No. 14), he concedes that during the time in which he was undergoing various medical procedures and rehabilitation, he had with him writing materials. Although he claims that his "legal materials" were not made available to him, the Court is unclear which materials Petitioner wishes to reference. The materials necessary to file a federal habeas petition are scant and it seems clear that Petitioner could have filed such a document during this time period. However, even assuming these legal materials were necessary to the filing of Petitioner's federal petition, Petitioner on several occasions noted that he employed the help of fellow inmates in the filing of the instant petition. Nothing appears in Petitioner's papers indicating he was unable to discuss with other prisoners the possibility of filing a federal habeas petition or otherwise seek aid from a fellow inmate during his lengthy period of rehabilitation. Similarly, nothing reveals that Petitioner, during his period of rehabilitation, attempted to obtain his legal materials via a request from his prison case manager or otherwise. Although Petitioner was certainly faced with hardship during the time he primarily dealt with his post-accident procedures, he has not submitted anything demonstrating that he was not able to pursue his legal rights during the

applicable one-year limitations period.

Petitioner's argument that his IQ and mental health problems prevented him from filing a petition within the statutory limitations period are also without merit. Although the Fifth Circuit has acknowledged that "mental incompetency might support equitable tolling of a limitation period," *Fisher*, 174 F.3d at 715 (citation omitted), equitable tolling is not available if a petitioner fails to sufficiently plead facts supporting his claim. *See Robinson v. Johnson*, 218 F.3d 744, 2000 WL 821450 at *1 (5th Cir. May 31, 2000) (per curiam) (unpublished). Moreover, a petitioner must demonstrate that "mental disabilities prevented him from seeking post-conviction review during the AEDPA limitations period." *Heidle v. Dretke*, No. 3-04-CV-2627-D, 2005 WL 81716 at *1 (N.D.Tex. Jan.12, 2005) (unpublished) (citation omitted). To satisfy his evidentiary burden, Petitioner must "provide necessary details showing that his mental impairment prevented him from managing his legal affairs or understanding his legal rights." *White v. Quarterman*, C.A. No. H-07-2039, 2007 WL 4223491 at *3 (S.D. Tex. Nov. 29 2007) (unpublished).

Petitioner has failed to allege with the required specificity that his mental health problems actually prevented him from filing his federal petition within the relevant limitations period. Petitioner's allusion to his poor mental health is insufficient to carry the evidentiary burden required to invoke equitable tolling. Moreover, Petitioner's ability to file his state motion for mandamus relief, federal habeas petition, and response to the Respondent's dispositive motion are evidence that he is either sufficiently competent to file, or to enable others to aid his filing of, the appropriate legal papers. Petitioner at no time alleged that his mental capacity has somehow improved between the period in which his federal petition could have been timely filed and the period in which he filed the above-cited documents. Accordingly, Petitioner's mental health issues do not warrant equitable

tolling.

Petitioner, furthermore, has simply not shown that he was diligent in pursuing his rights. Petitioner's federal petition was filed almost two years too late. His decision to pursue mandamus relief in lieu of filing the proper legal documents is not grounds for equitable tolling and undermines the notion that he diligently pursued his rights in the federal courts. *See Larry v. Dretke*, 361 F.3d 890, 894 (5th Cir. 2004). "Equity is not intended for those who sleep on their rights." *Fisher v. Johnson*, 174 F.3d 710, 713 n. 11 (5th Cir. 1999) (quoting *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989)).

Finally, even if the Court were to equitably toll the limitations period to the earliest time Petitioner claims he was capable of filing a federal habeas petition—July 2006—he would still have failed to file his federal petition within a year of his desired tolling date. *See* Dkt. No. 14 at 7 (stating that "[t]he earliest petitioner was capable of seeking help to prepare and file a petition was July 2006"). Petitioner's August 30, 2007 federal petition would still have been filed a month late.

In sum, Petitioner has not established that he is entitled to any tolling and, in the event that equitable tolling were to apply, his federal petition would still be deemed untimely filed. Therefore, his petition must be dismissed as barred by the governing one-year limitations period.

## Certificate of Appealability

Under 28 U.S.C. § 2253, Petitioner needs to obtain a certificate of appealability before he can appeal the dismissal of his petition. A certificate of appealability may be issued only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(B)(2); *Williams v. Puckett*, 283 F.3d 272, 276 (5th Cir. 2002). To make such a showing, Petitioner must demonstrate that reasonable jurists could disagree on the issues at bar, that a court could resolve the

issues in a different manner or that the questions are adequate to deserve encouragement to proceed further. *Lucas v. Johnson*, 132 F.3d 1069, 1073 (5th Cir. 1998); *see also Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004). For the reasons stated in this Order, Petitioner has not made a substantial showing of the denial of a constitutional right or that reasonable jurists would find the Court's rulings to be debatable. *Newby v. Johnson*, 81 F.3d 567, 569 (5th Cir. 1996). Therefore, the Court denies the issuance of a certificate of appealability in this action.

## Conclusion

For the foregoing reasons, Respondent's Motion to Dismiss (Dkt. No. 13) is **GRANTED** and Petitioner's Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 (Dkt. No. 1) is **DISMISSED**. The Court also **DENIES** Petitioner a Certificate of Appealability.

**SIGNED** this 28th day of September, 2008.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE